IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARD MANUFACTURING CO.,

                Plaintiff,           Case No. 3:00 CV 7711

-vs-

                                          MEMORANDUM OPINION
EUBANK MANUFACTURING            AND ORDER
ENTERPRISES, INC.,

                Defendant.

KATZ, J.

      Pending before this Court are the parties cross-motions for summary judgment. Plaintiff has moved for summary judgment on Claim 1 of the '744 and '878 patents, respectively, as to Eubank's W, HW, and W12 models. Defendant has broadly moved for summary judgment on all claims, but primarily addresses Claim 1.

      The crux of the infringement issue, at least with respect to Claim 1 of the '744 and '878 patents, concerns whether screw-holes, electrical control wiring, and structural elements present in Defendant's devices fall within this Court's prior construction of the term "removably fastenable." Plaintiff's most compelling argument is that the electrical wires connected to the Eubank ventilation modules act as a tie or bond falling within the Court's prior claim construction. If nothing else, the parties' dispute over the

true function of these elements, particularly the wiring, precludes summary judgment as to Claim 1. Though the Court finds Plaintiff's argument highly implausible, Plaintiff has nonetheless adduced sufficient evidence on this point to withstand summary judgment.

The Court notes that there is further disagreement as to whether the Eubank units that utilize rain hoods are outside the "within said chamber" claim limitation. Defendant submits deposition testimony to support its position that the hoods are an integral part of the ventilation modules. Defendant thus reasons that the Eubank units with external hoods are outside the Court's "within said chamber" construction. However, pointing to language in the Eubank Installation Instructions for its economizers and PRVs, Plaintiff disputes the role that the hoods play with respect to the Eubank devices, and specifically questions whether rain hoods are: installed with the units, are part of the ventilation modules, and are mandatory or necessary to operation of the units. Plaintiff further notes that the W 12 one-ton unites do not have hoods at all, and also asserts that the rain shield is a separate optional attachment on the W/HW units, and is not sold as part of the ventilation module, as testified to by Mark Eubank. Plaintiff also contrasts the wording in the two patents and notes that as to the '878 patent, as contrasted to the '744 patent, the elimination of external hoods is not listed as an objective of the invention. As it is inappropriate at this stage to assess credibility or weigh evidence, the foregoing issues further preclude summary judgment.

Regardless of whether the Court agrees with the parties' ultimates positions, it finds that there are sufficient issues of fact precluding summary judgment. The Court also notes that Plaintiff has indicated a desire to address the relevancy to the instant action of *Festo Corp. v. Shoketsu Kinzoku Kogyo*

2

*Kabushiki Co.*, 535 U.S. 722 (2002), not issued at the time the instant motions were filed and not yet briefed by the parties.

Based on the foregoing, Defendant's Motion for Summary Judgment of Noninfringement (Doc. No. 73) and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 76) are denied.

IT IS SO ORDERED.

                                                       s/ *David A. Katz*
                                                      DAVID A. KATZ
                                                      U.S. DISTRICT JUDGE